IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID VALASQUEZ** | \| |
| Petitioner, | \| |
| | \| CIVIL ACTION |
| vs. | \| NO. 05-6745 |
| | \| |
| **MARILYN BROOKS, ET AL.,** | \| |
| Respondents. | \| |

### ORDER

**AND NOW**, this ____ day of April, 2006, upon careful and independent consideration of the pleadings and record herein, and after review of the Report and Recommendation (the "R&R") of United States Magistrate Judge Jacob P. Hart (Doc. 11) and Petitioner's Objections (Doc. 12), **IT IS HEREBY ORDERED** that:

1.  The Report and Recommendation is **APPROVED** and **ADOPTED**;

United States Magistrate Judge Jacob P. Hart's R&R fully addresses the Petitioner's claims as presented in the Petitioner's habeas petition. In his petition, filed on December 27, 2005, Petitioner seeks habeas corpus relief based upon an alleged denial of a speedy appeal. Petitioner asserts that Petitioner filed a notice of appeal on August 5, 2003 and filed the requisite statement of matters complained of on appeal on October 24, 2003. R&R at 2. Unfortunately, due to an unusual set of circumstances, Petitioner's direct appeal has stalled in the state court system.[1] *Id*. Looking at the Superior Court's docket sheet, a docket entry on June 30, 2005, reveals that the record was misplaced and the court was attempting to reconstruct the file. *Id*.

Ordinarily, in order to obtain habeas corpus relief in the federal court, the petitioner must exhaust his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A). However, inexcusable or

---

[1] It appears that the delay has been caused by the death of Judge Latrone and the loss of the state court file.

inordinate delay by the state in processing claims for relief may render the state remedy ineffective by squelching the opportunity to obtain redress in state court. *See Wojtczak v. Fulcomer*, 800 F.2d 353 (3d Cir. 1986) (three- year delay constituted inordinate delay.)

However, the Third Circuit has instructed the district court to "stay its hand once there is reliable evidence that the state action has been reactivated" even after lengthy delay. *Walker v. Vaughn*, 53 F.3d 609, 615 (3d Cir. 1995). On March 21, 2006, the Superior Court ordered the trial court to transmit the record or approve and transmit an agreed statement of the record within sixty (60) days. R&R at 2. This Court believes that, consistent with the Third Circuit's directive in *Walker*, it would be appropriate for the federal court to "stay its hand" to allow the direct appeal to proceed. However, if the state court proceedings should again stall, through no fault of the Petitioner, he may again request habeas relief and ask the federal court to excuse the exhaustion requirement.

2.  The petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**;

3.  There is no basis for the issuance of a certificate of appealability.

BY THE COURT:

/s/ Petrese B. Tucker

_____

**Hon. Petrese B. Tucker, U.S.D.J.**